*Law Library*

## IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 OCT -9 PM 2: 40

THE PEOPLE OF GUAM, )
                      )
        vs.               )
                      )
JOEY LEON PUNZALAN QUENGA, )
                      )
        Defendant.      )
                      )

**CRIMINAL CASE NO. CM1207-11**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to dismiss, filed May 31, 2012. Oral arguments were heard on July 16, 2012. Assistant Attorney General Christina Lum, Esq. appeared on behalf of the Government and Assistant Public Defender Jane L. Kennedy, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order:

### BACKGROUND

On December 5, 2011, the Government filed a complaint and affidavit to charge the Defendant with harassment as a petty misdemeanor for allegedly sending repeated text messages to his ex-wife (hereinafter "the victim") regarding her whereabouts and the whereabouts of their children after she asked him to stop, in violation of 9 GCA § 61.20(c). The affidavit states that the Defendant was arrested on December 3, 2011 at the victim's house during a police response to her complaints on September 3 and December 2, 2011. On December 5, 2011, the Defendant appeared before a Magistrate Judge and was released pending trial on the basis of a $500.00 personal recognizance bond.

On May 31, 2012, the Defendant moved to dismiss the charge on the following grounds: 1) the complaint fails to state a crime because a text message is constitutionally protected speech; 2) it is unconstitutionally vague to apply multiple text messages to the offense of harassment; and 3) the offense is *de minimis*. In opposition, the Government argues that 9 GCA § 61.20(c) is sufficiently definite to the reasonable person and that the prosecution of the



Defendant's conduct is not a *de minimis* or absurd application of the harassment law. In reply, the Defendant further argues that the complaint fails to state a crime due to a lack of probable cause.

## DISCUSSION

### 1. Probable Cause in the Complaint

Under Guam law, "where a person is arrested without a warrant...the prosecuting attorney shall file a complaint...and affidavits showing probable cause to believe that an offense has been committed and that the defendant has committed it." 8 GCA § 45.20(a). If the court finds no probable cause to believe that the defendant committed an offense, it must dismiss the complaint and discharge the defendant at or before his first appearance. 8 GCA § 45.20(b).[1]

The judicial review of probable cause was added to 8 GCA § 45.20 in order to satisfy the Fourth Amendment requirement that a judge determine probable cause promptly after a warrantless arrest and as a condition of pretrial detention. *See* 8 GCA § 45.20, NOTE (*citing Gerstein v. Pugh*, 420 U.S. 103 (1975)). This probable cause inquiry is limited to the prevention of unjustified pretrial custody:

> The perspective taken in *Gerstein* is clearly from the post-arrest position. While an arrest and, therefore, a possibly unconstitutional invasion might be a "fait accompli," the Fourth Amendment's protection extends beyond the initial seizure to continuing detention, and post-arrest review serves to prevent continued violation.

> *U.S. v. Fernandez-Guzman*, 577 F.2d 1093, 1097-1098 (7th Cir. 1978), *cert. denied* 439 U.S. 954 (1978). *See also Gerstein* 420 U.S. at 123 ("The Fourth Amendment probable cause determination is addressed only to pretrial custody.").

For these reasons, a post-arrest complaint that lacks sufficient attestation of probable cause risks immediate dismissal with the discharge of a defendant and further serves as impeachment evidence in the suppression of an illegal arrest. *Fernandez-Guzman*, 577 F.2d at 1100. *See also* 8 GCA § 45.20(b).

---

[1] Defendant advises dismissal under 8 GCA § 15.20, which is the pre-arrest standard of probable cause to obtain a warrant and does not provide for the dismissal of a complaint. Section 15.20 is not applicable to this case where a complaint based upon a warrantless arrest may be dismissed for the lack of probable cause under 8 GCA § 45.20.

In this case, Defendant was arrested without a warrant and brought before the Magistrate Judge by the complaint and affidavit by the Attorney General. The Magistrate Judge released the Defendant under a personal recognizance bond of $500.00. The Magistrate Judge did not dismiss the complaint or discharge the Defendant for the lack of probable cause under 8 GCA 45.20(b). Defendant provides no authority in his motion or reply to reconsider the first judicial determination of probable cause for pretrial custody, and the Court is averse to exercise its discretion to do so absent clear error, changed circumstances, or manifest injustice. *See People v. Hualde*, 1999 Guam 3 ¶ 13.

The parties do not allege, and the Court does not find, clear error, changed circumstances or manifest injustice after the Magistrate's decision to release the Defendant. The Magistrate's finding of probable cause is plausible in light of the allegation that the Defendant sent repeated text messages to the victim throughout an entire day regarding her whereabouts and the whereabouts of her children after she asked him to stop. *See Hualde*, 1999 Guam 3 at ¶ 16 (*citing U.S. v. Alexander*, 106 F.3d 874, 876-877 (9th Cir. 1997) ("for clear error, we must not reverse as long as the findings are plausible in light of the record viewed in its entirety.")). Furthermore, no manifest injustice results from the Magistrate's decision to release the Defendant under a personal recognizance bond and without a significant restraint on his liberty. *See Gerstein*, 420 U.S. at 114 (*citing* 18 U.S.C. § 3146). For these reasons, the Court shall not reconsider the Magistrate's determination of probable cause and the complaint shall not be dismissed on this basis.

This Court is mindful of jurisdictional issues which may be raised by an unskillfully drafted criminal complaint. *See e.g. State v. Boyd*, 570 A.2d 1125, 1127 (Conn. 1990) (insufficiency of evidence at a *probable cause hearing* deprives trial court of personal jurisdiction). However, the Court is not convinced jurisdiction is lost on the basis of an imperfect complaint alone (post-first appearance), when the law holds jurisdiction is not lost even in the event of a warrantless arrest made without sufficient probable cause. *See U.S. v. Crews*, 445 U.S. 463, 474 & n.20, 100 S.Ct. 1244, 1251 n. 20, 63 L.Ed.2d 537 (1980) (an illegal



arrest is not a bar to prosecution but it may be effectively foreclosed by excluded evidence). For this reason, the Court shall not dismiss the complaint *sua sponte* for a lack of jurisdiction.

Finally, it is significant that Defendant challenges the absence of probable cause in an ingenuous complaint but he does not challenge the absence of probable cause in the underlying warrantless arrest. The available and preferable remedy in the present context is to carefully amend the complaint to better demonstrate probable cause without alteration to the charges, defenses or applicable evidence. *See e.g.* 8 GCA §§ 15.10 and 55.20; *People v. Manibusan*, No. 81-00053A, 1983 WL 29943, at *3 (D. Guam App. Div. 1983); *People v. Diaz*, 2007 Guam 3 ¶¶ 15-17. The Court must note the prosecuting attorney could easily avoid dismissal with an application to amend a lacking complaint pursuant to 8 GCA § 55.20.

## 2. Constitutional Challenges

The First Amendment protects freedom of speech, but it does not necessarily protect harassing conduct that happens to contain speech. *See e.g. F.C.C. v. Pacifica Foundation*, 438 U.S. 726, 749 n. 27, 98 S.Ct. 3026, 3040 n. 27 (1978); *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502, 69 S.Ct. 684, 691 (1949) ("it has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed.").

In this case Defendant argues the complaint fails to state a crime because a text message is constitutionally protected speech. The complaint alleges Defendant sent repeated text messages to the victim throughout an entire day regarding her whereabouts and the whereabouts of her children after she asked him to stop. The repetitive and possibly invasive manner of the conduct is what is criminalized, not the content of said communication; thus the crime does not touch upon speech at all, much less any clearly protected speech. *See State v. Hoffman*, 695 A.2d 236, 245-46 (N.J. 1997). Hence, the Defendant's characterization of his conduct as "mere words" is inapposite to the crime charged and the complaint shall not be dismissed on this basis. (Motion to Dismiss, 3, May 31, 2012.)

ORIGINAL

Under Guam law, due process and, "the void for vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *People v. Perez*, 1999 Guam 2 ¶ 7 (*quoting Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)).

In this case, the Defendant asserts that the facts contained in the complaint do not sufficiently define an offense such that he can understand what conduct is prohibited. Defendant contends that the application of Section 61.20(c) to the facts of the complaint is void for vagueness because it does not allow him to understand what amount of text messages constitutes criminal harassment. The Court does not agree that this case presents the question of how many text messages constitutes criminal harassment because the complaint further alleges that the Defendant contacted the victim multiple times throughout an entire day about her whereabouts and the whereabouts of her children after she asked him to stop. Assuming *arguendo* that the Court may apply the void for vagueness doctrine to factual language in the application of a statute, instead of to the statute as a whole, the complaint sufficiently describes repeated and unwanted acts that could "alarm or seriously annoy such other person serving no legitimate purpose of the defendant." 8 GCA §61.20(c). Therefore the complaint shall not be dismissed for vagueness.

### 3. *De Minimis* Conduct

Pursuant to 8 GCA § 80.70(c), "[t]he court on its own motion may dismiss a prosecution pursuant to [9 GCA] § 7.67." 8 GCA § 80.70(c). Title 9 GCA § 7.67(b) provides:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct...[d]id not actually cause of threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction.

*9 GCA § 7.67(b)* (Jul. 10, 2012).

In order to consider dismissal under 9 GCA § 7.67(b) *de minimis* grounds, the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *People v. Perez*, 2004 Guam 4 ¶¶ 16-

21. The risk of harm to society is determined by examining: 1) the attendant circumstances; 2) the existence of contraband; 3) the value of property involved; 4) the use or threat of violence; and 5) the use of weapons. *Id.* at ¶ 12 (*citing State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987)).

In this case, the Defendant argues that his repeated text messages are too trivial to warrant the condemnation of a harassment conviction under 9 GCA § 61.20(c). Section 61.20(c) reads in full:

> A person commits a petty misdemeanor if, with intent to harass another, he: (c) engages in any other course of alarming conduct or of repeatedly committed acts which alarm or seriously annoy such other person serving no legitimate purpose of the defendant.

*9 GCA § 61.20(a)* (Jul. 10, 2012).

Section 61.20 is derived from New Jersey law, *inter alia*, and its language is substantially identical to N.J. Stat. Ann. § 2C:33-4(c) (2012). *See* 9 GCA § 61.20, SOURCE. For this reason, the Court looks to New Jersey cases to aid in the interpretation of the same language. *See Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7.[2]

In *L.M.F. v. J.A.F., Jr.*, 24 A.3d 849, 412 N.J. Super. 523 (N.J. Super. A.D. 2011), the Superior Court of New Jersey, Appellate Division, dismissed a charge of harassment against a father who sent repetitive and angry text messages to his ex-wife regarding their children and other parenting issues. The Court explained:

> What occurred here was not harassment within the meaning of N.J.S.A. 2C:33-4 because the trial court did not find, and the evidence does not show, that defendant sent these text messages *for the purpose of harassing* plaintiff. ... Had the communications involved subjects other than legitimate concerns about the children's lives, defendant's persistence might have eventually been viewed as infused with a purpose to harass plaintiff. Divorced parents must necessarily communicate from time to time about their children. As the trial judge aptly noted, the parties' communications at this point were indeed "unhealthy." Dysfunctional as defendant's behavior may have been, however, without the

---

[2] The Court looked only to New Jersey case law treatment because the other source jurisdictions of Massachusetts and California have extensively amended their harassment laws since the enactment of Guam's harassment statute; only New Jersey's harassment statute has remained unaltered and in the same form as is found in 9 GCA § 61.20.

requisite intent to harass his conduct was not actionable under [N.J. Stat. Ann. § 2C:33-4].

*L.M.F.*, 24 A.3d at 535-36 (emphasis in original).

This reasoning is particularly applicable to the facts at hand. Assuming that the conduct charged is true and that it actually occurred, the Defendant sent repeated text messages to his ex-wife inquiring about her location and the location of their children on September 3, 2011 and throughout the entire day of December 2, 2011 after she asked him to stop. (Complaint, "Declaration", Dec. 5, 2011.) Defendant's efforts to contact his ex-wife and children may have been unhealthy and ill-advised, but there is no evidence to suggest that he harbored an intent to harass, alarm or annoy beyond a desire to communicate about his children. The record of these proceedings is devoid of any evidence that the Defendant used threats, violence, contraband, property or weapons, and his conduct poses a low risk of harm to society. *See Perez* 2004 Guam 4 ¶ 19. In consideration of these and all other attendant circumstances, the Court finds that the Defendant's conduct exposed society to a risk of harm too trivial to warrant the condemnation of conviction. For this reason, the prosecution is hereby dismissed pursuant to 9 GCA § 7.67(b).

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED.

SO ORDERED this _____ day of October 2012.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**



ORIGINAL

OCT 0 9 2012

Ryan T. Balajadia

Page 7 of 7